E-FILED
Monday, 13 April, 2026  11:59:35 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONALD EFFOUA,<br>　　Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 26-cv-3015 |
| JBS,<br>　　Defendant. | ) ) ) | |

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant JBS's Motion to Dismiss[1] (Doc. 5) under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). For the following reasons, Defendant's Motion is GRANTED.

### I.    BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint against "JBS" in the Circuit Court of Sangamon County, Illinois, alleging employment discrimination, retaliation, and slander. The Complaint named "JBS" as the defendant, but "Swift Pork Company" operates the facility where Plaintiff was employed and was Plaintiff's employer. (Doc. 1-9 at ¶ 2 (Declaration of Monica Blackwood)). The action was properly removed to this Court. (*See* Text Orders entered 1/30/2026 and 3/2/2026).

In his Complaint, Plaintiff alleges that while he was employed by JBS, he was subjected to harassment by supervisory employees. (Doc. 1-3 at ¶¶ 2–3). This harassment

---

[1] As will be discussed in further detail, there is no business entity in Illinois named "JBS." Counsel for Swift Pork Company, the company who employed Plaintiff during the alleged events, is defending this suit.

included an "unlawful pattern of discrimination" where "Plaintiff was subjected to excess work duties," and sexual harassment, in which a managerial employee repeatedly licked her lips while making eye contact with Plaintiff. (*Id.*). Plaintiff reported the conduct of one other employee — who "performed his routine work duties with a very unpleasant attitude (intimidating) [and] started dictating at the Plaintiff what to do" — to his supervisor. (*Id.* at ¶ 4). "This individual supervisor informed Plaintiff that if Plaintiff decides to make a report, that will result in a termination of his employment." (*Id.* at ¶ 5). An investigation was conducted and Plaintiff was later informed that he was terminated "due to past work performance and threats." (*Id.* at ¶¶ 5–6).

Prior to removal, Plaintiff filed a "Notice of Filing," stating that Plaintiff "served Defendant under Business Corporation Act for service on Secretary of State on December 9, 2025." (Doc. 1-7 at 2). Plaintiff later filed a Proof of Service purportedly indicating one "Jim Birdsell" personally served "JBS" on December 16, 2025 in Beardstown, Illinois, at 9:15 a.m. (Doc. 1-8 at 5–6). Although Mr. Birdsell's name is listed as the server and is printed on the signature page, a wholly different name, beginning with the letter "D," appears signed. (*Id.*). The signature page does not indicate whether the server was a sheriff, private detective, or special process server.[2] (*Id.*). *See* 735 ILCS 5/2-202(a). No other information concerning service is provided, such as *who*, if anyone, was served the papers, or whether service was completed in some other manner. (Doc. 1-8 at 5–6).

---

[2] The Summons form indicates the method of service was by "Sheriff" and "Special Process Server." (Doc. 1-8 at 3).

On January 22, 2026, JBS filed its Motion to Dismiss pursuant to Rules 12(b)(4), 12(b)(5), and 12(b)(6). The Court has repeatedly admonished Plaintiff if no response to the motion "is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." Civil L.R. 7.1(B)(2); Doc. 6; 1/30/2026 and 3/2/2026 Text Orders. To date, Plaintiff has not filed a response.

## II.    DISCUSSION

### A. Insufficient Service Under Rule 12(b)(5)

Where a defendant seeks to "enforce the service of process requirements through a pretrial motion to dismiss" under Rule 12(b)(5), "[t]he plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). "[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008). If an attempt at service occurs before a case is removed to federal court, the state's "service of process rules govern whether the attempt was legally sufficient." *Cardenas*, 646 F.3d at 1005 (citing *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986)). Accordingly, Illinois service of process rules control.

Illinois law provides in part, "A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." 735 ILCS 5/2-204. Service may be completed by a sheriff, a private detective, or a

special process server. 735 ILCS 5/2-202(a). Moreover, where a corporation does not maintain a registered agent in Illinois or its "registered agent cannot with reasonable diligence be found at the registered office in [Illinois]," service upon the Secretary of State is permissible. 805 ILCS 5/5.25(b)(1)–(2).

Plaintiff contends he properly served Defendant through the Secretary of State on December 9, 2025. (Doc. 1-7). According to Defendant and consistent with Plaintiff's filings, Plaintiff previously indicated service was completed on December 16, 2025, as stated in his later-filed Proof of Service (Doc. 1-8) and Motion for Default filed in the state court (Doc. 5-1 at ¶ 2). Service upon the Secretary of State is impermissible in this case. Defendant maintains a registered agent in Illinois whose information is accessible through the Illinois Secretary of State for purposes of effective service. (Doc. 5-2). And even if permissible, no information was provided to assure the Court that service was properly completed under Illinois's procedural rules. *See* 805 ILCS 5/5.25(c).

The attempted service on December 16, 2025, through Mr. Birdsell, was also insufficient. The Proof of Service lacks necessary information, such as the method of service and, if the method was by personal delivery, the identity of the individual who was served. (Doc. 1-8 at 5–6). According to Defendant, it has no record of any service completed on December 16, 2025. (Doc. 5 at 6). Thus, Plaintiff has not established this Court's jurisdiction over Defendant through service upon the "registered agent or any officer or agent of the corporation." 735 ILCS 5/2-204; *Cardenas*, 646 F.3d at 1005.

Accordingly, the suit must be dismissed. *Cardenas*, 646 F.3d at 1005 (citing Fed. R. Civ. P. 4(m)).

### B. Insufficient Process Under Rule 12(b)(4)

A motion to dismiss under Rule 12(b)(4) challenges the form of the summons under Rules 4(a) and 4(b), including "whether the plaintiff has named the proper defendant." *Driessen v. Vabalaitus*, No. 23-cv-45, 2023 U.S. Dist. LEXIS 90340, at *2 (W.D. Wis. May 23, 2023) (citing cases) (cleaned up); *Bilal v. Rotec Indus.*, No. 03 C 9220, 2004 U.S. Dist. LEXIS 15488, at *10–11 (N.D. Ill. Aug. 4, 2004) (citing 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353). As in a challenge for insufficient service of process, the plaintiff "bears the burden of showing sufficient process." *Driessen*, 2023 U.S. Dist. LEXIS 90340, at *2–3; *see also Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003) ("The plaintiff bears the burden of showing that personal jurisdiction over the defendant exists.").

The Summons named "JBS" as the defendant in this suit. However, based on a business entity search on the Illinois Secretary of State's website,[3] there is no business entity named "JBS" in Illinois. Swift Pork Company employed Plaintiff and operated the facility where the alleged events took place. (Doc. 1-9 at ¶ 2). "JBS" is not the proper defendant, and Plaintiff has not established this Court's jurisdiction over it. Dismissal under Rule 12(b)(4) is thus warranted.

---

[3] See apps.ilsos.gov/businessentitysearch.

### C. Failure to State a Claim for Relief Under Rule 12(b)(6)

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* The claim to relief must be "plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted); *Twombly*, 550 U.S. at 555 (quotation omitted) (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability," its claim to relief falls short of plausibility. *Iqbal*, 556 U.S. at 678 (quotation omitted). In other words, the complaint "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Complaints filed *pro se* are liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but are not excused from Rule 8(a)'s pleading requirements. *See Pearle Vision, Inc. v. Room*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeal v. United States*, 508 U.S. 106, 113 (1993)).

### 1) Title VII and Illinois Human Rights Act ("IHRA")

Before bringing a claim under Title VII, a plaintiff "must first exhaust his administrative remedies by filing charges with the [Equal Employment Opportunity Commission ("EEOC")] and receiving a right to sue letter." *Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir. 2025) (citations and quotation omitted); *see also* 42 U.S.C. § 2000e-5. Similarly, the IHRA requires a plaintiff's exhaustion of administration

remedies with the Illinois Department of Human Rights before bringing a claim under the IHRA. *Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 U.S. Dist. LEXIS 61628, at *5–9 (N.D. Ill. Apr. 8, 2020) (citing cases and discussing exhaustion requirements under IHRA).

Here, the Complaint does not contain any factual allegations purporting to establish Plaintiff's exhaustion of administrative remedies under either Title VII or the IHRA. Accordingly, Plaintiff has not stated a plausible claim for relief under either law, necessitating dismissal under Rule 12(b)(6).

### 2) Slander (Defamation)

Under Illinois law, to establish a claim for slander, otherwise known as defamation,[4] "the plaintiff must show the defendant: (1) made a false statement about the plaintiff; (2) made an unprivileged publication of that statement to a third party; and (3) damaged the plaintiff by publishing the statement." *Goldberg v. Brooks*, 409 Ill. App. 3d 106, 110 (1st Dist. 2011) (citing *Solaia Tech., LLC v. Specialty Publ. Co.*, 221 Ill. 2d 558, 579 (2006)).

Plaintiff's defamation claim appears premised on a statement from a human resources employee that his termination was "due to past work performance and threats," which was purportedly "based on false statements." (Doc. 1-3 at ¶ 6). However, notwithstanding the absence in detail, this claim fails as Plaintiff has not demonstrated any false statement was published to a third party. *Goldberg*, 409 Ill. App. 3d at 110 (citing

---

[4] *Bryson v. News Am. Publs.*, 174 Ill. 2d 77, 89 (1996) ("Libel and slander are now treated alike and the same rules apply to a defamatory statement regardless of whether the statement is written or oral.").

*Solaia Tech.*, 221 Ill. 2d at 579); *see also Project44, Inc. v. FourKites, Inc.*, 2022 IL App (1st) 210575, ¶ 1 ("[I]t is not enough that the plaintiff, personally, heard or read the false statement; that statement must be transmitted to at least one other person besides the plaintiff."). Accordingly, Plaintiff has not stated a plausible defamation claim.

## III.    CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss (Doc. 5) is GRANTED. The Complaint (Doc. 1-3) is DISMISSED without prejudice under Rules 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff is granted leave to file an amended complaint within 21 days from the entry of this Order. Failure to do so within 21 days may result in dismissal of this case with prejudice. If Plaintiff files an amended complaint, he must properly serve Defendant with sufficient process. Plaintiff can request Defendant Swift Pork Company waive service by utilizing the procedure and forms pertaining to Rule 4(d) of the Federal Rules of Civil Procedure. Plaintiff can obtain information regarding Defendant Swift Pork Company's registered agent on the Illinois Secretary of State's website.

ENTER: 4/13/2026

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE